```
UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK
_____

MICHAEL WHITNEY,
                    Plaintiff,                    09-CV-0484

             v.                                   DECISION
                                                  and ORDER
MICHAEL J. ASTRUE,
Commissioner of Social Security,

                    Defendant.
_____
```

## INTRODUCTION

Plaintiff Michael G. Whitney ("Plaintiff") brings this action pursuant to the Social Security Act (codified in relevant parts at 42 U.S.C. §§ 405(g) and 1383(c)(3)), seeking review of a final decision of the Commissioner of Social Security ("Commissioner"), denying his application for disability insurance benefits ("DIB") and supplemental security income ("SSI"). Specifically, Plaintiff alleges that the decision of Administrative Law Judge ("ALJ") J. Robert Brown denying his application for benefits was against the weight of substantial evidence contained in the record. Plaintiff requests that the Court reverse the judgment of the Commissioner and remand for calculation of benefits, or in the alternative, for further administrative proceedings.

The Commissioner moves for judgment on the pleadings on the grounds that the ALJ's decision was supported by substantial evidence in the record and was based upon the application of the

correct legal standards. Plaintiff cross-moves for judgment on the pleadings and opposes the Commissioner's motion on the grounds that the Commissioner's decision was not supported by substantial evidence. For the reasons set forth below, I find that the Commissioner's decision was not supported by substantial evidence in the record. I hereby vacate the decision of the Commissioner and remand this claim for further administrative proceedings consistent with this decision.

## BACKGROUND

On September 23, 2004, Plaintiff protectively filed applications for a period of disability, disability insurance benefits ("DIB"), and supplemental security income ("SSI"), alleging disability beginning May 23, 2004. (T. 53-59). These claims were initially denied on January 12, 2005. (T. 29-34). Thereafter, the Plaintiff timely filed a written request for hearing on February 25, 2005. (T. 35). On July 11, 2006, the Plaintiff and attorney Albert Lowman appeared at a hearing held in Buffalo, NY.[1] (T. 287-311). James Ryan, a vocational expert ("VE") was also present. Id. In a decision dated September 27, 2006, ALJ J. Robert Brown found that the Plaintiff was not disabled within the meaning of the Social Security Act. (T. 18-28). The Appeals Council denied review on May 8, 2009, rendering the ALJ's decision

---

[1] Plaintiff was originally represented by non-attorney representative Amy Brinkworth. (T. 21, 36-39).

the final decision of the Commissioner. (T. 2-4). The Plaintiff subsequently filed this action on May 20, 2009.

## **DISCUSSION**

### I. **Jurisdiction and Scope of Review**

Title 42, Section 405(g) of the United States Code grants jurisdiction to Federal District Courts to hear claims based on the denial of Social Security benefits. See Mathews v. Eldridge, 424 U.S. 319, 320 (1976). In addition, Section 405(g) directs that the District Court must accept the Commissioner's findings of fact if those findings are supported by substantial evidence in the record. See Bubnis v. Apfel, 150 F.3d 177, 181 (2d Cir. 1998); see also Williams v. Comm'r of Soc. Sec., 2007 U.S. App. LEXIS 9396, at *3 (2d Cir. 2007). Substantial evidence is defined as "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." See Metropolitan Stevedore Co. v. Rambo, 521 U.S. 121, 149 (1997) (quoting Consolidated Edison Co. v. NLRB, 305 U.S. 197, 229 (1938)). The Court must "scrutinize the record in its entirety to determine the reasonableness of the decision reached." Lynn v. Schweiker, 565 F. Supp. 265, 267 (S.D. Tex. 1983) (citation omitted). Section 405(g) thus limits this Court's scope of review to two inquiries: (i) whether the Commissioner's conclusions are supported by substantial evidence in the record as a whole, and (ii) whether the Commissioner's conclusions are based upon an erroneous legal standard. See Green-Younger v. Barnhart, 335 F.3d

99, 105-06 (2d Cir. 2003); see also Wagner v. Secretary of Health & Human Serv., 906 F.2d 856, 860 (2d Cir. 1990) (holding that review of the Secretary's decision is not *de novo* and that the Secretary's findings are conclusive if supported by substantial evidence).

Both Plaintiff and Defendant move for judgment on the pleadings pursuant to 42 U.S.C. 405(g) and Rule 12(c) of the Federal Rules of Civil Procedure. Section 405(g) provides that the District Court "shall have power to enter, upon the pleadings and transcript of the record, a judgment affirming, modifying, or reversing the decision of the Commissioner of Social Security, with or without remanding the cause for a rehearing." 42 U.S.C.S. § 405(g) (2007). Under Rule 12(c), judgment on the pleadings may be granted where the material facts are undisputed and where judgment on the merits is possible merely by considering the contents of the pleadings. See Sellers v. M.C. Floor Crafters, Inc., 842 F.2d 639, 642 (2d Cir. 1988). "[W]here the administrative record contains gaps, remand to the Commissioner for further development of the evidence is appropriate." Butts v. Barnhart, 388 F.3d 377, 385 (2d Cir. 2005).

**II. The ALJ's determination that the Plaintiff is not disabled is not supported by substantial evidence and contains errors of law**.

In finding that the Plaintiff was not disabled within the meaning of the Social Security Act, the ALJ adhered to the Social Security Administration's five-step sequential analysis for

evaluating applications and determining whether an individual is disabled. See 20 C.F.R. § 404.1520 and 416.920(a)(4)(i)-(v)(2009).[2] Under step one of that process, the ALJ found that the Plaintiff had not been engaged in substantial gainful activity since May 23, 2004, the alleged onset date. (T. 23). At steps two and three, the ALJ found that the Plaintiff's impairments, history of back injury and bilateral hearing loss, were severe within the meaning of the Regulations but were not severe enough to meet or equal, either singly or in combination, any of the impairments listed in Appendix 1, Subpart P of Regulations No. 4. (T. 23-24). At step four, the ALJ determined that the Plaintiff had "the residual functional capacity to perform light exertion...[but] must avoid exposure to loud noises...[and] excessive bending and lifting," and so was unable to perform any past relevant work. (T. 24-25). For step five of the analysis, the ALJ used the Medical-Vocational Rules found in 20 C.F.R. Part 404, Subpart P, Appendix 2 ("the Rules") to direct a finding of not disabled. (T. 27). More specifically he found that "[b]ased on a residual functional capacity for a full range of light work, considering the claimant's

---

[2] Pursuant to the five-step analysis set forth in the regulations, the ALJ, when necessary, will: (1) consider whether the claimant is currently engaged in substantial gainful activity; (2) consider whether the claimant has any severe impairment or combination of impairments which significantly limit his physical or mental ability to do basic work activities; (3) determine, based solely on medical evidence, whether the claimant has any impairment or impairments listed in Appendix 1 of the Social Security Regulations; (4) determine whether or not the claimant maintains the residual functional capacity to perform his past work; and (5) determine whether the claimant can perform other work. See id.

age, education, and work experience, a finding of "not disabled" is directed by Medical-Vocational Rule 202.18. (T. 28).

**A. The ALJ failed to properly develop the record.**

Defendant argues that the ALJ's RFC determination is supported by substantial evidence as "no treating or examining source has ever assessed any limitations inconsistent with the ALJ's residual capacity finding." (Def. Reply, 5). However, while it is true that there are no opinions in the record that are inconsistent with the ALJ's RFC determination, this is simply because the record is devoid of any opinions from Plaintiff's physicians regarding his actual exertional limitations. The Regulations state that when the Social Security Administration ("SSA") receives evidence from a treating physician or psychologist that is inadequate for making a disability determination, it "will seek additional evidence or clarification from [a claimant's] medical source." 20 C.F.R. § 416.912(e). Therefore, when the information received is inadequate, "the ALJ has an affirmative duty to develop the record and seek additional information from [a] treating physician, *sua sponte*, even if plaintiff is represented by counsel." Becker v. Astrue, 2009 U.S. Dist. LEXIS 82694 at *12 (citing 20 C.F.R. § 404.1512(e)(1)). This duty to develop is particularly important with regards to the opinions of a claimant's treating physician(s), as the ALJ must adhere to the treating physician rule and provide special evidentiary weight to the opinions of a treating physician

that are backed by clinical evidence and are not substantially inconsistent with other evidence in the record. Devora v. Barnhart, 205 F. Supp. 2d 164, 172-173 (S.D.N.Y. 2002). Medical records which consist of raw data and are devoid of a treating physician's opinions as to the nature and severity of the claimed disability are not sufficient. See Myers v. Astrue, 2009 U.S. Dist. LEXIS 61600 (N.D.N.Y 2009)(citing Peed v. Sullivan, 778 F. Supp. 1241, 1246 (E.D.N.Y. 1991)). Where the treating physician's report does not contain the necessary opinions, the ALJ is obligated to re-contact the medical source for additional information or clarification. Becker v. Astrue, 2009 U.S. Dist. LEXIS 82694 at *12 (citing 20 C.F.R. § 404.1512(e)(1)).

In his application, Plaintiff named Dr. George Haddad as one of his treating physicians. (T. 73-74). Dr. Haddad was Plaintiff's treating physician for at least 20 months and was responsible for providing medication for Plaintiff's back pain, examinations and referring him for a MRI and physical therapy. (T. 73-74, 88, 111, 158). Nevertheless, the only evidence from Dr. Haddad in the record is one, unsigned page of an RFC report and a reference in the index that a MRI report and an electro-diagnostic consultation report came from his office. (T. 2-3, 110-11, 196-200). The treating physician's inexplicable failure to submit opinions regarding Plaintiff's disability does not absolve the ALJ of his duty to develop the record. See Smith v. Astrue, 2008 U.S. Dist. LEXIS

76655 (N.D.N.Y Sept. 30, 2008)("[T]he ALJ has an affirmative obligation to obtain more than 'sparse notes' in the medical records from a treating physician."). There is no evidence that the ALJ attempted to re-contact the treating physician despite receiving an insufficient response. Nor did the ALJ question Plaintiff during the hearing about Dr. Haddad, though the Plaintiff named him in his application as a treating physician. (T. 288-311). The ALJ's failure to attempt to acquire actual opinions from Dr. Haddad regarding the Plaintiff's limitations is grounds for a remand. See Catanzaro v. Comm'r of Soc. Sec., 2009 U.S. Dist. LEXIS 124240 at *26-28 (W.D.N.Y. June 30, 2009); Myers v. Astrue, 2009 U.S. Dist. LEXIS 61600 at *41 (N.D.N.Y 2009); Sobolewski v. Apfel, 985 F. Supp. 300, 315 (E.D.N.Y. 1997). The only other evidence in the record from a treating source regarding Plaintiff's exertional limitations comes from Plaintiff's physical therapists' notes, which are reference in the ALJ's opinion as: "claimant was provided physical therapy.".[3] (T. 23, 112-141, 154-195).

The ALJ appears to have relied solely on the opinions of examining consultative, Dr. Richard Eales and disability analyst, M. McLaughlin, in making his RFC determination. (T. 112-141, 154-195). Dr. Eales saw Plaintiff on November 20, 2004 and performed a

---

[3] The record also shows that Plaintiff saw Drs. Stinziano and Campagna for his hearing problems. (T. 73). There are no opinions or notes from Dr. Campagna. From Dr. Stinziano, there is an audiogram, treatment notes, a letter to Dr. Campagna dated June 22, 2002 advising that Plaintiff suffered from neurosensory deficits and should "be extremely careful regarding heavy noise exposure," and a prescription for hearing aids. (T.95-100).

physical exam, though he neither saw nor ordered any further labs or other testing. (T. 142-47). Dr. Eales concluded that "[c]laimant would prudently avoid excessive bending and lifting...[and] areas with high noise levels. (T. 146). This was exactly the language that the ALJ used to present questions to the VE during the hearing. (T. 308). Disability Analyst McLaughlin, upon review of the record including the MRI and Dr. Eales opinions, opined that the Plaintiff could occasionally lift 20 pounds, frequently lift 10 pounds and could sit and stand/walk for six hours in an eight hour work day. (T. 150). He opined that Plaintiff had occasional postural limitations in all categories and that he should avoid concentrated exposure to noise. (T. 151-52). He concluded: "The degree of disability alleged in by this claimant is not fully supported by [the medical evidence in the record]. The allegations are considered to be partially credible." (T. 153). This opinion may have been the source of the ALJ's RFC determination that Plaintiff could perform "light exertion," as no other evidence in the record opines specifically as to Plaintiff's exertional limitations. (T. 24).

The ALJ's reliance on the vague opinions of a non-treating consultative physician does not constitute substantial evidence, especially as he failed to make every reasonable effort to obtain actual opinions from the Plaintiff's treating physician and so did not fulfil his duty to develop the record or to properly apply the

treating physician rule. See Peed v. Sullivan, 778 F. Supp. 1241, 1246 (E.D.N.Y. 1991) ("To obtain from a treating physician nothing more than charts and laboratory test results is to undermine the distinctive quality of the treating physician that makes his evidence so much more reliable than that of a examining physician who sees the claimant once and who performs the same tests and studies as the treating physician.") Moreover, the ALJ determination that Plaintiff was capable of "light exertion" either in reliance on McLaughlin's opinions or by improperly substituting his own opinion for that of medical experts, was egregious error. See Burgess v. Astrue, 537 F.3d 117, 131 (2d Cir. N.Y. 2008)(citing Balsamo v. Chater, 142 F. 3d 75, 81 (2d Cir. 1998)(An "ALJ 'is not free to set his own expertise against that of a physician who [submitted an opinion to or] testified before him' or to 'engage[] in his own evaluations of the medical findings.'") As the ALJ's decision was not based on substantial evidence in the record, I find grounds to remand for further development of the record

**B. The ALJ's disability determination was in error.**

The ALJ's disability determination was necessarily not supported by substantial evidence as it was made in reliance on an incomplete record. The ALJ should redetermine Plaintiff's RFC after further developing the record by re-contacting Plaintiff's treating physician, or if this is unsuccessful, by obtaining testimony from a reliable medical source regarding the Plaintiff's

specific limitations. The ALJ should then re-evaluate the Plaintiff's subjective complaints in light of these new findings and make a new disability determination. The ALJ may require an opinion from a vocational expert, as the Medical-Vocational Rules found in the grids in 20 C.F.R. Part 404, Subpart P, Appendix 2 ("the grids") may only be used to "direct" a finding of not disabled or not disabled when a claimant can perform all or substantially all of the exertional demands at a given level of exertion. SSR 83-11. If a claimant has non-exertional limitations, such as bilateral hearing loss deemed severe, the grids only provide a framework for decisionmaking. SSRs 83-12 and 83-14. See Bapp v. Bowen, 802 F.2d 601, 604 (2d Cir. 1986) ("the grids should only apply where they 'adequately reflect a claimant's condition'").

## **CONCLUSION**

For the reasons set forth above, this Court finds that the Commissioner's decision denying the Plaintiff disability benefits under SSI, was not supported by substantial evidence. The ALJ's decision was based on an incomplete record and was not supported by testimony from a medical source. After reviewing the record as it currently exists, I find gaps in the record such that remand for further development of the record is warranted. Accordingly, both Defendant's and Plaintiff's motions for judgment on the pleadings

are denied and this claim is remanded to the Commissioner for administrative proceedings consistent with the decision.

**ALL OF THE ABOVE IS SO ORDERED.**

S/Michael A. Telesca
_____
Michael A. Telesca
United States District

DATED: July 29, 2010
       Rochester, New York